## SAMUEL W. PUFFER

*v.*

## JOHN SMITH.

FRAUD AND CIRCUMVENTION—*what constitutes.* In an action on a promissory note brought by an innocent assignee thereof, before maturity, for a valuable consideration, against the maker, it appeared the defendant was approached while at work in his field by two patent-right venders who proposed that he become agent for a cultivator and seeder, which they represented as possessing marvelous good qualities, and as the best in existence. He declined. They urged, lauding the machine, and representing the profitable character of the undertaking. He finally assented to accept the agency, when a paper purporting to be a contract between the parties was read to him by one of the men, which he without reading signed. The defendant was no scholar and could not read much. The paper was a long one, and he did not know whether he signed it in the middle or at the end. There was no consideration given, and no machine ever sent to the defendant. The note sued upon, it seems, was in some way incorporated in this paper, and under the circumstances, was regarded as having been obtained by such fraud and circumvention as precluded a recovery.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action brought by Puffer against Smith, on a promissory note alleged to have been executed by the defendant. As a defense, it was alleged, the signature of the defendant was obtained to the note through fraud and circumvention. The plaintiff held the note as assignee before maturity, for a valuable consideration, and without notice of the alleged fraud used in obtaining its execution. A trial by jury resulted in a verdict and judgment for the defendant. The plaintiff brings the record to this court, and asks a reversal of the judgment.

Mr. H. CASE, Mr. N. M. KNAPP, and Mr. W. C. WILKINSON, for the plaintiff in error.

Messrs. CHAPMAN & HENDERSON, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action of assumpsit, by the assignee of a promissory note against the maker. The pleas were, non-assumpsit, *non est factum* verified by affidavit, and a special plea alleging fraud and circumvention in obtaining the execution of the note.

The evidence is conflicting; and doubts naturally arise, as to the credibility of some of the witnesses, upon reading the testimony as presented in the record.

The only witness examined, who was present at the time of the alleged execution of the note, was the defendant in error.

We learn from his evidence that two men, belonging to a numerous class of patent right venders who infest the country, came upon him in his field, and proposed to him that he become an agent for a cultivator and seeder, possessing marvelous good qualities, indeed the very best in existence. He declined; they urged, lauding the machine, and representing the profitable character of the undertaking. Finally he assented to accept the agency, and a paper, purporting to be a contract between the parties, was read over by one of the men, and signed by defendant in error. He did not read it; was no scholar, and could not read much. The paper was a long one. Did not know whether he signed it in the middle or at the end.

The reasonable inference is, that the note sued on was the result of deception and trick, practiced upon the defendant in error. There was no consideration given, no machine delivered, no circumstance to relieve the transaction from the baldest fraud and circumvention.

It was the peculiar province of the jury to determine the credibility of the witnesses. If defendant in error was credited, there could be no doubt as to the propriety of the finding of the jury in his favor.

Complaint is made of the instructions. The first instruction for defendant in error is not formally correct, nor very

intelligible. There are slight errors in others. In reviewing, however, all the instructions in connection with the evidence, we can not perceive that the jury was confused or misled by them.

The verdict was right and ought not to be disturbed. The judgment is affirmed.

*Judgment affirmed.*