## PIERSON E. SANFORD, Respondent, *v.* BROWN BROTHERS COMPANY, Appellant.

Contract — rule for interpretation of contract — intent of parties — contract for sale of nursery stock — when seller liable for damages because stock was not of variety ordered.

1. It is a well-established canon of interpretation that in seeking for the intent of parties the fact that the construction contended for would make the contract unreasonable and place one of the parties at the mercy of the other may be properly taken into consideration.

2. Defendants agreed to and did furnish nursery stock to plaintiff under a contract which contained this clause: " Any stock which does not prove to be true to name as labeled is to be replaced free, or purchase price refunded; and all stock to be delivered in a thrifty and healthy condition." At as early a date as a discovery could be made, it was found that a large number of the trees furnished were not of the variety ordered by the plaintiff, who brought this action to recover damages alleged to have been sustained by him for breach of contract. Defendant moved for the dismissal of the complaint on the ground that plaintiff had not demanded or been refused the measure of damages provided for by the terms of the contract as above quoted. *Held*, that the defendant failed either to limit or avoid liability by the terms employed in the agreement of purchase and sale. The language used by it is susceptible of construction as an inducement to a sale of its goods or as an additional promise upon its part, but cannot be construed as a limitation of liability for a breach of contract. .

*Sanford* v. *Brown Brothers Co.*, 146 App. Div. 916, affirmed.

(Argued March 6, 1913; decided April 4, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 13, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

Defendant is a domestic corporation engaged in the nursery business in the vicinity of the city of Rochester, and in 1902 and for some years prior thereto one Alonzo J. Williams, a neighbor of the plaintiff, was the agent of the defendant in Warwick. The plaintiff is the owner of a farm in Warwick, Orange county. Early in the year 1902 the plaintiff concluded to devote about twenty-five acres of land to the purposes of a peach orchard. At that time he was inexperienced in the growing of peaches. Williams, the agent of the defendant, had been engaged in peach culture for about eight years.

On the 11th day of March, 1902, Williams, representing defendant, and the plaintiff entered into a contract in writing for the sale and purchase of peach trees. The contract signed by plaintiff was upon a printed blank furnished by defendant, and was as follows:

"Box or Bale Orders.

"Spring 1902                    Date *Mar.* 11, 1902.

"Name of railroad station, Warwick, County Orange, State, N. Y.

"Brown Bros. Co.,

"Rochester, N. Y.

"You will please furnish me with the following nursery stock, for which I am responsible, and for which I agree to remit to you $297.50 within ten days of the arrival of the goods at Warwick, L. & H. R. R. Station. These goods are to be shipped during April or May, 1902. Anything omitted is to be deducted from the bill. Any stock which does not prove to be true to name as labeled is to be replaced free, or purchase price refunded; and all stock to be delivered in a thrifty and healthy condition.

"The signer is notified that agents are not authorized to plant stock nor to collect pay for this order, without

written permission from us. As far as this contract is concerned the signer of this order hereby waives all rights under the Homestead exemption laws.

" This contract is not subject to countermand and covers all terms, conditions or agreements between the purchaser and agent in relation to said contract.

" 3,500 XX peach trees, 3 to 4 feet . . . . . . . . . . . . $297.50
                    " (Signed) P. E. SANFORD.

" See back of order for list of varieties."

List on back as follows:

    " 500 Elbertas.
      500 Old Mixon.
      500 Red Cheek Melocoton.
      500 Susquehanna.
    1,000 Crawford Late.
      500 Beer Schmock.

   ———
    3,500 "

and thereafter certain trees were shipped by defendant and received by plaintiff accompanied by a bill in the following form:

            " BROWN BROTHERS, COMPANY,
                " CONTINENTAL NURSERIES,
                    ROCHESTER, N. Y. *April* 11, ' 02.

" Sold to P. E. Sanford,
        " Warwick, N. Y.
    " 3,500 peaches.
      1,000 Crawfords L.
        500 Beer Schmock.
        500 Elbertas.
        500 Red Cheek Melocoton.
        500 Susquehanna.
        500 Old Mixon free.
        " Via Lehigh & Hudson River R. R."

which bill the plaintiff paid about April 11, 1902. Plaintiff expended labor and money in the preparation of his

land preparatory to planting the trees, and having set out the trees continued to cultivate the orchard year by year thereafter. In the fall of 1905, concededly as early a date as a discovery could be made, it was found that upwards of 2,700 of the trees were not of the variety ordered by the plaintiff of the defendant. The evidence offered by plaintiff tended to show the following number of varieties ordered were furnished: Of 500 Elbertas 480, of 1,000 Crawford Late 139, of 500 Beer Schmock 87, of 500 Old Mixon free, 500 Red Cheek Melocoton and 500 Susqehanna none. Plaintiff brought this action to recover damages alleged to have been sustained by him for breach of contract. The defendant upon the trial offered evidence tending to show that a large number of the fruit trees ordered by plaintiff were of an old variety not grown by defendant, but were purchased by defendant from other dealers, and that the plaintiff did not plant and cultivate the trees in a manner to bring them to a proper standard. The latter question was submitted to the jury and the finding in favor of the plaintiff is sustained by evidence. The defendant moved for the dismissal of the complaint on the ground that the plaintiff had not demanded or been refused the measure of damages provided for in the contract, viz., the replacing of the trees which were not true to name as labeled or the refunding of the purchase price of all the trees that did not prove true to name as labeled. The motion was denied and exception taken by defendant. Further facts are referred to in the opinion.

*James S. Havens* for appellant. The language of the contract limiting the defendant's liability is clear and covers all the damages recoverable in such case. (*People ex rel. v. Angle*, 109 N. Y. 564; *People v. Barber*, 48 Hun, 198; *Henning v. R. R. Co.*, 105 N. Y. 340; *Smith v. B. S. Bank*, 101 N. Y. 58; *People ex rel. Hass v. N. Y. M. B. Club*, 70 Misc. Rep. 603; *Ewald v. Medical Society*, 70 Misc. Rep. 615; *O'Neil v. Van Tassell*, 137

N. Y. 297; *Carleton* v. *Lombard Co.,* 72 Hun, 254; *Realty Co.* v. *Brandstein,* 61 Misc. Rep. 623; *Heyman* v. *Steich,* 134 App. Div. 176.) The language of the written contract limiting the damages applies to every breach of that contract with reference to the varieties ordered. (*Passinger* v. *Thorburn,* 34 N. Y. 634; *White* v. *Miller,* 71 N. Y. 118; *Bell* v. *Mills,* 68 App. Div. 531; 78 App. Div. 42; *Depew* v. *Peck Hardware Co.,* 121 App. Div. 28; *Staiger* v. *Soht,* 116 App. Div. 874.) The contract between the parties when given its ordinary meaning for which the defendant contends was fair to both parties and did not place one party at the mercy of the other. (*Bank* v. *Hall,* 83 N. Y. 338; *Hunter* v. *Railroad Co.,* 116 N. Y. 615; *Passinger* v. *Thorburn,* 34 N. Y. 634; *White* v. *Miller,* 71 N. Y. 118.)

*M. N. Kane* and *F. V. Sanford* for respondent. The clause of the contract limiting defendant's liability applies only after the performance of the contract by delivery or a substantial delivery of the trees sold. In a bargain and sale of a chattel of a particular description it is a condition precedent to a right of action that the thing delivered should answer the description. (*White* v. *Miller,* 71 N. Y. 118; 78 N. Y. 393; *Carleton* v. *Lombard, Ayres & Co.,* 149 N. Y. 137; *Allen* v. *Lake,* 18 A. & E. [N. S.] 560; *Chauter* v. *Hopkins,* 4 M. & W. 404; *Waeber* v. *Talcott,* 167 N. Y. 48; *Landreth* v. *Wyckoff,* 73 N. Y. Supp. 388; *Egbert* v. *Hanford Produce Co.,* 86 N. Y. Supp. 1118; Benjamin on Sales [7th ed.], § 565.) The construction contended for by the defendant would make the contract unreasonable and place one of the parties at the mercy of the other, which the court would not permit. (*Schoellkopf* v. *Coatsworth,* 166 N. Y. 77; *Russell* v. *Allerton,* 108 N. Y. 288.)

Hogan, J. It is alleged by counsel for appellant that the language used in the contract, "Any stock which does not prove to be true to name as labeled is to be

replaced free, or purchase price refunded," should be con-
strued as a limited liability on the part of the defendant
for any damage resulting under the contract. In sup-
port of the reasonableness of such construction stress was
laid upon the absence of fraud or misrepresentation in the
sale; that in view of the price the trees, which were two
years old, substantially all budded, were sold, 8½ cents
each, out of which defendant paid the expense of boxing,
freight and agent's commissions, no nursery would or
could have sold trees at such a price and assume a risk
greater than that specified in the contract, especially
when such dealer had no more means of knowing that
the variety of peaches were as labeled than that possessed
by the purchaser.

The form of contract was furnished by the defendant
and under well-established principles any doubt as to the
meaning of the terms employed must be resolved in favor
of the plaintiff. The defendant was engaged in the
nursery business, for how long a time does not appear,
except by implication. Mr. Brown, the president of
defendant, testified that he had been in the nursery busi-
ness twenty-five or twenty-six years, and we may assume
that the defendant corporation succeeded in whole or in
part to his business. The plaintiff was a farmer without
previous experience in the culture of peaches; he could
not discover for a period of three or four years the vari-
ety of peaches, if any, the trees would bear. When he
purchased the trees he was justified in relying upon the
superior knowledge of the defendant as to the quality of
the trees to be selected and furnished by defendant. The
defendant was chargeable with notice of the purpose for
which the trees were to be used, and also had knowledge
that the trees would not attain to the bearing point for a
period of three or four years, during which time plaintiff
would be required to devote his time together with labor
and expense to the cultivation of the orchard. It would
be unreasonable to hold, under the terms of this contract,

that at the end of three years, should the trees prove valueless, the only obligation was to furnish a supply of new trees or refund the purchase price. In such a case, while defendant would sustain a loss to the extent of the original cost of the trees, the loss to plaintiff in the use of land, expenses of cultivation, etc., might prove very substantial.

" It is a well-established canon of interpretation that in seeking for the intent of parties the fact that the construction contended for would make the contract unreasonable and place one of the parties at the mercy of the other may be properly taken into consideration." (*Schoellkopf* v. *Coatsworth,* 166 N. Y. 77-84.) Under the terms of the contract the plaintiff was entitled to have trees of the several species named by him furnished by defendant. The defendant upon acceptance of the order undertook to deliver the trees specified by plaintiff and paid for by him. If defendant assumed to fill the order by trees in part purchased from other dealers the risk was assumed by defendant and not by the plaintiff and a failure on the part of defendant to deliver the goods ordered and of the quality prescribed, or the delivery of trees other than the trees it agreed to deliver, rendered it liable for a breach of contract. (*Allan* v. *Lake,* 18 A. & E. [N. S.] 561, cited in *Hawkins* v. *Pemberton,* 51 N. Y. 198, 205; *Chanter* v. *Hopkins,* 4 M. & W. Ex. 404; *Carleton* v. *Lombard, Ayres & Co.,* 149 N. Y. 137, 147.)

The language of the contract, when read in the light of the circumstances and facts surrounding the transaction and the position of the parties thereto, does not justify the construction contended for by the appellant.

The defendant, if it desired to limit liability on its part by reason of the failure to furnish and deliver to plaintiff the trees purchased by him as specified, could have provided in the contract for liquidated damages, or by language unmistakable in terms and susceptible of comprehension by the purchaser, it might relieve itself from

any liability under a contract made by it with another party. The defendant failed either to limit or avoid liability by the terms employed in the agreement of purchase and sale. The language used by it is susceptible as an inducement to a sale of its goods or as an additional promise upon its part, but cannot be construed as a limitation of liability for a breach of contract.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER and WILLARD BARTLETT, JJ., concur; CHASE and COLLIN, JJ., not voting.

Judgment affirmed.