## WHIPPLE v. BROWN BROS. CO.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1915.)

1. SALES ☞437—CONTRACT—LIMITATION OF LIABILITY—FRAUD—ORAL EVIDENCE.

Where plaintiff set up breach of an oral warranty, and defendant answered, setting up a written order, signed by plaintiff, containing a clause limiting defendant's liability in case the goods delivered did not meet the warranty, the plaintiff was entitled to show the fraud of defendant's agent in securing his signature, in that the agent stated that the order contained nothing but an order for the goods purchased.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1248–1257; Dec. Dig. ☞437.]

2. SALES ☞437—ACTION FOR BREACH OF CONTRACT—ISSUES—FRAUD.

Where an action is for breach of an oral warranty, the plaintiff has the right, without pleading fraud, to show that a written order, signed by him and set up in the answer, was void because obtained by fraud.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1248–1257; Dec. Dig. ☞437.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. SALES ⊚═⇒266—IMPLIED WARRANTIES—GOODS ORDERED.

In a contract of sale there is an implied warranty by the seller that the goods delivered were of the varieties ordered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 743, 746, 747, 754–759; Dec. Dig. ⊚═⇒266.]

4. SALES ⊚═⇒439—BREACH OF WARRANTY—LIMITATION OF LIABILITY.

Where plaintiff, suing on a verbal warranty asserts fraud of defendant's agent in securing a written order limiting liability without disclosing its contents, defendant admitting breach, can avoid liability only by showing that its agent did not misrepresent the contents, or that the plaintiff in fact knew what they were.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1258–1260; Dec. Dig. ⊚═⇒439.]

5. PRINCIPAL AND AGENT ⊚═⇒171—SALE BY AGENT—REPRESENTATIONS—LIABILITY OF PRINCIPAL.

Where a principal accepts and fills an order made through its agent, it is bound by a representation of its agent as to the contents of the order, made in order to secure the signature of the buyer, and it is immaterial whether the agent had the authority to make the representation.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644–655; Dec. Dig. ⊚═⇒171.]

6. APPEAL AND ERROR ⊚═⇒1050—HARMLESS ERROR—IMMATERIAL EVIDENCE.

Where the question of authority of an agent to make warranties is immaterial to the issues, admission of evidence of express warranties made by the agent in other cases, if error, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⊚═⇒1050.]

Appeal from Trial Term, Orleans County.

Action by Watson H. Whipple against the Brown Bros. Company. From a judgment for $405, and $93.03 costs, for plaintiff, and order denying defendant's motion to set aside the verdict and for new trial, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Philetus Chamberlain, of Rochester (Chamberlain & Page, of Rochester, of counsel), for appellant.

L. M. Sherwood, of Medina (Sherwood & Cooper, of Medina, of counsel), for respondent.

PER CURIAM. [1] On the pleadings plaintiff had the right to prove and rely upon the oral contract he made with defendant's agent, Mull, for the purchase from defendant of the peach trees in question. When defendant, to defeat plaintiff's claim under the oral contract, introduced the written order signed by plaintiff, which contained a clause limiting defendant's liability in case the peach trees delivered proved untrue to name and not the varieties ordered, then plaintiff was entitled to show that the written order was void and of no effect, because plaintiff's signature thereto was obtained by the false representation of defendant's agent, Mull, to the effect that said written order contained nothing but an order for the goods which plaintiff had purchased. Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650; Smith v. Ryan, 191

N. Y. 452, 84 N. E. 402, 19 L. R. A. (N. S.) 461, 123 Am. St. Rep. 609, 14 Ann. Cas. 505.

[2] Plaintiff's action was not grounded in fraud, but in contract; and plaintiff had the right, without pleading fraud, to overcome the effect of the written order by showing it to have been obtained by fraud. When defendant delivered trees of other varieties than those which plaintiff purchased, there was a breach of defendant's contract, for which it was liable in damages. Sanford v. Brown Bros. Co., 134 App. Div. 652, 119 N. Y. Supp. 333; s. c., 208 N. Y. 90, 101 N. E. 797, 50 L. R. A. (N. S.) 778.

[3-6] This without reference to any express warranty by the agent, Mull. There was an implied warranty that the trees defendant delivered were of the varieties plaintiff had ordered. Defendant could avoid liability only by satisfying the jury either that Mull did not falsely represent the contents of the written and printed order which plaintiff signed, or that plaintiff did, in fact, know the contents of that order. As defendant accepted the order and undertook to fill it, we think it was bound by any representation by its agent as to the contents of the order made to secure plaintiff's signature; hence, it is immaterial whether Mull had authority to make an express warranty or not. If it was error to admit evidence of an express warranty made by Mull on a sale to other parties, we think the error was harmless

The judgment and order should be affirmed, with costs.