(95 Misc. Rep. 276)

## WIEDERMAN v. VERSCHLEISER.

(Supreme Court, Appellate Term, First Department.    May 29, 1916.)

1. BROKERS ⬦�señ43(1)—REALTY BROKER—PROOF OF EMPLOYMENT.

The employment of a realty broker to procure a purchaser for a leasehold interest in realty upon stated terms and conditions could be proved either by oral testimony or a writing.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 44;  Dec. Dig. ⬦�search43(1).]

2. BROKERS ⬦�search54—REALTY BROKERS—CONTRACT OF EMPLOYMENT—PERFORMANCE.

A realty broker's contract to procure a purchaser for a leasehold interest in realty upon stated terms and conditions was performed when he procured a puchaser ready, able, and willing to take the poperty at the seller's terms.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81;  Dec. Dig. ⬦�search54.]

3. APPEAL AND ERROR ⬦�search927(2)—PRESUMPTIONS—DISMISSAL.

It must be assumed, on appeal from dismissal of the complaint, that its allegations are true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 3748;  Dec. Dig. ⬦�search927(2).]

4. BROKERS ⬦�search58—REALTY BROKER—PERFORMANCE OF CONTRACT—PURCHASE OF PROPERTY.

A realty broker, suing to recover his commission for procuring a purchaser for a leasehold interest in realty from defendant, need not prove the execution of a written contract by the defendant and the purchaser procured by the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 90;  Dec. Dig. ⬦�search58.]

5. PLEADING ⬦�search166—REPLY—ACTION FOR COMMISSION—STATUTE.

Under Code Civ. Proc. § 522, touching denial of allegation of new matter in the answer, in an action by a broker for commission earned by procuring a purchaser for defendant's leasehold, allegation of the affirmative defense that a contract under seal was the agreement alleged in the complaint, and under which broker and defendant acted, was deemed to be controverted, and, after defendant put in the contract to establish his defense, the broker had the right to introduce evidence showing lack of consideration or fraud.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328;  Dec. Dig. ⬦�search166.]

Appeal from City Court of New York, Trial Term.

Action by Rosa Wiederman against Max Verschleiser.  Judgment for defendant (93 Misc. Rep. 453, 158 N. Y. Supp. 308), and plaintiff appeals.  On plaintiff's motion for reargument of appeal from judgment dismissing the complaint and order denying plaintiff's motion for new trial.  Motion for reargument granted, judgment and order reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Harry Stackell, of New York City, for appellant.

Kantrowitz & Esberg, of New York City (Moses Esberg, of New York City, of counsel), for respondent.

⬦➚➚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. Appellant asks for a reargument of appeal from judgment of the City Court dismissing complaint and from order denying motion for new trial. In this action to recover broker's commissions the complaint alleges that in February, 1914, the defendant employed the plaintiff, and the plaintiff, in consideration of the sum of $600 to be paid by defendant, agreed to procure a purchaser for a leasehold interest owned by defendant in certain real property upon stated terms and conditions; that thereafter the plaintiff, pursuant to the employment, procured a purchaser ready, able, and willing to purchase the said leasehold interest upon the terms and conditions stated; that said purchaser entered into a contract with the defendant for the purchase of said interest; that the defendant has defaulted in the performance of said contract with the purchaser, and has also, after demand, failed to pay plaintiff any part of the consideration of $600, except the sum of $50.

After denying in his answer material allegations of the complaint, defendant set up as an affirmative defense that on February 19, 1914, the parties for a valuable consideration entered into an agreement in writing under seal, a copy of which is annexed to the answer, marked "A" (hereinafter referred to as Exhibit A), and made part thereof; that said agreement is the alleged agreement of employment referred to in the complaint; and that subsequent to the execution of said agreement the plaintiff obtained a party who entered into a contract with the defendant for the purchase of the property, but that said party defaulted in the performance of the contract. A reference to Exhibit A, signed by the broker and the defendant, shows that it was therein agreed that unless the agreement of sale was consummated the plaintiff should not be entitled to any commissions for his services.

At the opening of the trial the learned trial justice asked plaintiff if he admitted that "this paper," the alleged contract (Exhibit A) set up in the affirmative defense, was signed by the plaintiff before the contract for the purchase and sale of the leasehold was made, and plaintiff's counsel stated that such was the fact, but that the broker's signature was obtained by false and fraudulent representations, and that there was no consideration for the written contract. The court thereupon dismissed the complaint, upon the ground, as appears from the record and the opinion handed down, that the plaintiff as a condition precedent to recovery was bound to go into a court of equity and have a written contract, Exhibit A, canceled and set aside, the City Court having no jurisdiction of such an action. This ruling requires a reversal of the judgment.

[1-4] In the first place, the contract set up in the affirmative defense is not (although the trial justice assumed it is) the basis of the plaintiff's cause of action, and the case contains no admission to that effect. Plaintiff's suit is based on the employment alleged in his complaint, an employment which could have been proven by either oral testimony or by a writing; and, as alleged, the contract was performed when he procured a purchaser ready, able, and willing to take the property at the seller's terms (Tanenbaum v. Boehm, 202 N. Y. 293, 95 N. E. 708), and the complaint stated facts showing performance and defendant's default in making the stipulated payment to the plaintiff.

The fact that Exhibit A was executed before the making of the contract of sale by the defendant and the purchaser is not of controlling significance, because it must be assumed on the appeal from the dismissal that the allegations of the complaint are true, and it was not essential to a recovery by plaintiff that he should prove the execution of a written contract by the defendant and the purchaser.

[5] In the second place, the allegation of the affirmative defense that Exhibit A was the agreement alleged in the complaint, and under which the broker and the owner acted, was deemed to be controverted (Code, § 522); so that, after defendant put in Exhibit A to establish his affirmative defense, the plaintiff would then have a right, even in the City Court, to introduce evidence showing that by reason of lack of consideration (Hough v. Baldwin, 50 Misc. Rep. 546, 99 N. Y. Supp. 545), or because of fraud (Whipple v. Brown Bros., 170 App. Div. 531, 156 N. Y. Supp. 63), the writing was not binding upon the parties.

The motion for reargument should be granted, and the judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event.