RAY CONSOLIDATED COPPER COMPANY, Plaintiff, *v.* AMERICAN ENGINEERING COMPANY, Defendant.

Supreme Court, New York Special Term, May 19, 1924.

**Sales — action on written contract for installation of mechanical furnaces at plaintiff's mines — contract provided that if furnaces did not meet conditions of guaranty defendant would remove them and refund payments — furnaces failed to meet conditions contained in contract after test and were removed — complaint alleged that defendant had knowledge preceding making of contract that plaintiff would have to remove other furnaces at great expense if defendant's furnaces were to be installed and that plaintiff suffered special damages by reason of inefficiency of defendant's furnaces — allegations in complaint competent, material and relevant and should not be stricken out under Rules of Civil Practice, rule 103 — plaintiff entitled to special damages for breach of contract — measure of damages — allegations relating to special damages properly pleaded.**

In an action upon a written contract for the installation of certain mechanical furnaces at plaintiff's mines, a motion for an order pursuant to rule 103 of the Rules of Civil Practice striking from the complaint certain portions thereof on

the ground that they constituted irrelevant, redundant and unnecessary facts, will be denied, where it appears that the contract provided that if the furnaces did not meet the conditions of the guaranty contained in the contract under which they were installed, the defendant would remove them and refund the payments already made; that a test was made and the furnaces did not meet the conditions of the guaranty and were removed; that the defendant was apprised during the negotiations preceding the making of the contract that the plaintiff had other furnaces in operation the removal of which would be necessary at a great expense to the plaintiff in order to substitute the defendant's furnaces in reliance on the guaranty contained in the contract; that plaintiff was compelled at a great cost to remove the defendant's furnaces when they failed to meet an efficiency test; that by reason of such breach the plaintiff suffered other special damage which it seeks to recover in this action; and that the allegations of the complaint as to the aforesaid facts which are sought to be stricken out are competent, material and relevant for the purpose of establishing plaintiff's cause of action.

The plaintiff is entitled to recover special damages by reason of the alleged breach of contract, subject to the condition that they must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, and subject also to the condition that they must be certain, both in their nature and in respect to the cause of action from which they proceeded.

The allegations relating to special damages are properly pleaded.

MOTION pursuant to rule 103 of the Rules of Civil Practice to strike out certain portions of the complaint as irrelevant, redundant etc.

*Chadbourne, Babbitt & Wallace* (*Harold A. Callan*, of counsel), for the plaintiff.

*Holmes, Rogers & Carpenter* (*Charles P. Rogers*, of counsel), for the defendant.

GIEGERICH, J. The defendant moves for an order pursuant to rule 103 of the Rules of Civil Practice striking out from the complaint certain portions thereof, more particularly set forth in the notice of motion, on the ground that such portions of the complaint are irrelevant, redundant, repetitious, unnecessary and tend to prejudice, embarrass and delay the fair trial of the action. The action is brought upon a written contract for the installation of certain mechanical stokers at the mines of the plaintiff at Hayden, Ariz., which were guaranteed to produce a certain boiler efficiency. Under the terms of such agreement the stokers remained the property of the defendant and were not to become the property of the plaintiff until they were accepted and the balance of the purchase price was paid after a test to be conducted by the latter. It is alleged in the complaint that a test was made and that the stokers did not meet the conditions of the guaranty contained in the contract under which they were installed and that thereafter

the said stokers were removed. The contract, which is in the form of a written proposal from the defendant to the plaintiff on which is indorsed the plaintiff's acceptance, contains the following provision: "If guarantees are not met contractor will remove equipment and refund payments made." It would appear from an examination of the complaint that the allegations thereof which are sought to be stricken out are all competent, material and relevant for the purpose of establishing that the defendant was apprised during the negotiations preceding the making of the contract that the plaintiff had in operation other furnaces the removal of which would be necessary at great expense to the plaintiff in order to substitute the defendant's furnaces in reliance on the guaranty contained in the contract, and to show that as a result of the breach of the contract and as a natural consequence thereof it became necessary for the plaintiff at great cost to it to remove the defendant's furnaces when they failed to give the heat efficiency guaranteed by the defendant, and that by reason of such alleged breach the plaintiff sustained other special damage sought to be recovered by this action. The defendant contends that since the parties provided by the contract that title was not to pass until the purchase price had been paid in full, and agreed that the plaintiff might reject the stokers upon their failure to meet the guaranties provided for upon tests and recover back the sums paid upon the purchase price, it has no election of its remedies or the measure of damages, to which it is entitled, but must be confined to a demand for the return of the purchase price. In other words, that the allegations of the complaint which are sought to be stricken out, and which have to do with matters necessary to be alleged to sustain a recovery of special damages by reason of the stokers having failed, as alleged, to come up to the guaranty, are irrelevant and unnecessary, since the terms of the contract sued upon expressly limit the liability of the defendant to a refund of the amount paid on account of the purchase price and possibly the cost of removing the stokers. The defendant contends, furthermore, that the allegations in the complaint that "plaintiff thereupon, on or about September 21, 1921, * * * requested the defendant in writing to remove said stoker installation, as provided in said agreement on breach of guarantee, and to refund the sum of $28,125, representing payments made on account of the purchase price of said stokers," confirms the construction placed upon the contract by it. I cannot agree with either of these contentions. The cases cited by the defendant in support of the point that the plaintiff's damage is limited to a recovery of the amount paid on the purchase price, and possibly the cost of removing the stokers,

are not authority for the position contended for. Neither do I believe that the other point, that the plaintiff has acceded to the defendant's construction of the contract, is well taken. The other allegations of the complaint are inconsistent with such a conclusion, and there is nothing in the allegation itself which will indicate an intention on the part of the plaintiff to limit or waive its claim for special damages. The facts, as disclosed by the complaint, would seem to bring the instant case squarely within the decision in *Sanford* v. *Brown Brothers Co.*, 208 N. Y. 90. In that case the contract was for the sale of trees and contained a provision that " any stock which does not prove to be true to name as labeled is to be replaced free, or purchase price refunded," which, it was contended, should be construed as a limited liability for any damage resulting under the contract. Mr. Justice Hogan, writing for a unanimous court, after calling attention to the fact that the form of contract in that case was furnished by the defendant and that under well-established principles any doubt as to the meaning of the terms employed must be resolved in favor of the plaintiff, and after commenting on certain other phases of the situation applicable to the state of facts under discussion, says (p. 96): " The defendant, if it desired to limit liability on its part by reason of the failure to furnish and deliver to plaintiff the trees purchased by him as specified, could have provided in the contract for liquidated damages, or by language unmistakable in terms and susceptible of comprehension by the purchaser, it might relieve itself from any liability under a contract made by it with another party. The defendant failed either to limit or avoid liability by the terms employed in the agreement of purchase and sale. The language used by it is susceptible as an inducement to a sale of its goods or as an additional promise upon its part, but cannot be construed as a limitation of liability for a breach of contract." The defendant's theory that its sole obligation under the contract was to refund the sums paid on account of the purchase price and possibly to pay the cost of the removal of the apparatus entirely ignores the express guaranties contained in the contract and the further fact that the plaintiff was necessarily, to the knowledge of the defendant, compelled to go to considerable expense in addition to the price paid to the latter for the stokers to adapt its plant to their use. The defendant, in attempting to distinguish *Sanford* v. *Brown Brothers Co., supra,* asserts that there is no allegation in the complaint that the form of the contract was prepared by the defendant or that the contract was drawn on a printed form. No such allegation is necessary, since it is apparent from an inspection of the copy of the contract annexed to the complaint that it is

in the form of a proposal or letter addressed to the plaintiff by the defendant, at the foot of which is indorsed " Accepted. Ray Consolidated Copper Company. L. S. Gates, Genl. Mgr., April 12, 1918." It would appear from an examination of the authorities that the plaintiff is entitled to recover special damages by reason of the alleged breach of the contract in suit, subject to the condition that they must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, and subject also to the further condition that they must be certain, both in their nature and in respect to the cause from which they proceed. *Griffin* v. *Colver,* 16 N. Y. 489; *Mortimer* v. *Otto,* 206 id. 89. The allegations relating to special damages are properly pleaded (*Parsons* v. *Sutton,* 66 N. Y. 92, and cases cited), and since it is apparent that the allegations sought to be stricken out relate to matters essential to a recovery of such special damages the motion to strike out such allegations from the complaint should in all respects be denied.

Motion denied, with ten dollars costs, and with leave to the defendant to serve its answer within ten days after service upon its attorneys of the order to be entered hereon, with notice of entry thereof, and upon payment of such costs. Settle order on notice.

Ordered accordingly.