Sigfroid Trambly *vs.* Hubert Ricard & another.

Essex. Nov. 5, 1880. — Jan. 17, 1881. Endicott, J., absent.

A party to an oral agreement, who was unable to read or write, affixed his mark to a paper, without its contents being read or explained to him, supposing that it contained the terms of the oral agreement, although no representation as to its contents was made. *Held*, that evidence was admissible to show that the terms of the written contract differed from those orally agreed upon; and that a finding that the writing was fraudulently obtained would be justified.

Colt, J. The first count in the plaintiff's declaration is for trespass to real estate, and removing the plaintiff's furniture.

The second is for the conversion of the same furniture. The defendants, in justification of their acts, rely upon an alleged breach of the plaintiff's written agreement, which stated that he borrowed the furniture of them, and by which he agreed to hold the furniture as their property, paying them a weekly sum for the use of the same, with the privilege of buying it at a price named. To this contract, the plaintiff, being unable to read or write, affixed his mark. He contended at the trial that it was obtained from him by fraud, and offered to prove that, before he affixed his mark, the defendants orally agreed to sell the furniture to him at a price named, part of which was to be paid down, and the balance in instalments; that nothing was said at any time about borrowing or paying rent for it; and that, immediately after agreeing on the terms, the defendants requested him to sign the written contract, which he did, supposing the same to contain the terms and stipulations of the oral agreement. The plaintiff testified that the written agreement was not read or explained to him, and that he did not request that it should be. He admitted that the defendants made no verbal or written representations of its contents.

The judge excluded the evidence; and the only question here is whether the jury would be justified in finding from it that the written agreement was fraudulently obtained.

In the absence of fraud or imposition, it is presumed that the terms of a written contract were known and assented to by the parties who signed it; that they either read it, or were informed of its contents, or were willing to assent to its terms without reading it. This presumption is not defeated by showing that the contract signed was different from that which one or the other supposed he was signing. It is not permitted to show that another contract was the real contract, because the parties have chosen to put their agreement in writing, as the better way to preserve its terms, and parol evidence cannot be admitted to vary it. But this familiar rule does not exclude evidence which tends to show that the written contract was by some fraud or imposition never in fact freely and intelligently signed by the party sought to be charged. It may always be shown that he was not possessed of the requisite capacity, or that his signature was obtained by fraud.

Upon the question whether in this case there was evidence of fraud which should have been submitted to the jury, the fact that the plaintiff was an unlettered person, who could not read and write, is of controlling importance. In *Selden* v. *Myers*, 20 How. 506, Chief Justice Taney declared that a person dealing with an illiterate man, who could neither read nor write, and taking from him a promissory note for the payment of money, and a deed of trust to secure the payment, was bound to show that he fully understood the object and import of the writings sought to be enforced against him. A party who is ignorant of the contents of a written instrument, from inability to read, who signs it without intending to, and who is chargeable with no negligence in not ascertaining the character of it, is no more bound than if it were a forgery. There has been no intelligent assent to its terms, and it is a fraud in one who with knowledge of the fact attempts to enforce it. *Walker* v. *Ebert*, 29 Wis. 194. *Foster* v. *Mackinnon*, L. R. 4 C. P. 704, 711.

But beyond this, the evidence offered by the plaintiff, which the jury might have fully believed, tended to show that the written contract was produced by the defendants immediately after an oral contract for the unconditional sale and delivery of the furniture was completed. The jury may well have found that the production of the writing at that time was in itself an affirmation on the part of the defendants that its terms did not differ from the terms of the sale agreed on. Fraud may be proved from the acts and conduct of a party quite as effectively as from his declarations. *Emerson* v. *Brigham*, 10 Mass. 197. *French* v. *Vining*, 102 Mass. 132. *Walters* v. *Morgan*, 3 DeG., F. & J. 718. And any act falsely intended to induce a party to believe in the existence of some other material fact, and having the effect of producing such belief to his injury, is a fraud.

We are of opinion, that the evidence offered should have been submitted to the jury, with proper instructions.

*Exceptions sustained.*

*B. B. Jones*, for the plaintiff.
*W. H. Moody*, for the defendants.