ELDORADO JEWELRY COMPANY, Appellant, v. J. A. DAR-
NELL.

**Contracts:** WHEN VOID: NECESSITY FOR RESCISSION. An order for the purchase of goods, which, by reason of defective eyesight the purchaser is unable to read, but without negligence on his part signs under the mistaken belief that the same is a contract to receive the goods and sell the same on commission, when in fact it is a contract of absolute purchase, is void; and a rescission is not necessary to defeat a recovery thereon.

*Appeal from Madison District Court.*— HON. JAS. D. GAM-
BLE, Judge.

THURSDAY, OCTOBER 17, 1907.

ACTION on an order for jewelry.    Fraud was pleaded as a defense.    Judgment was entered against the plaintiff, from which it appeals.— *Affirmed.*

*Leo C. Percival,* for appellant.

*Wilkinson, Smith & Wilkinson,* for appellee.

LADD. J.— The defendant signed an order for the purchase of certain jewelry, and, upon suit for the price, set up as a defense that it was procured by fraud, in that plaintiff's agent had represented that the order was for goods to be sold on commission by defendant as agent, and for which

he was to remit only a percentage of the proceeds, after sale, to the company, which should retain title. The evidence was such that the jury might have exonerated him from the charge of negligence in signing the order, and have found the allegations of fraud established. The agent who procured the order transmitted it to the company immediately, and it was accepted the day after given. On the next day defendant wrote the company not to send the jewelry. Four letters written by him were introduced in evidence, the last dated November 9, 1904, in which he indicated his wish to avoid the order and not take the property, but in none did he charge any dishonesty in the procurement of the order, or notify the company that he elected to rescind the contract. It will thus be seen that the order had been accepted before he undertook to countermand it, and that he has never elected to rescind. Indeed, the purport of his letters was to recognize the order as valid, rather than repudiate it. So that, although the court submitted the issue as to whether there was a rescission by the defendant to the jury, there was no evidence to sustain such a finding, and the only remaining question for our consideration is whether rescission is necessary in such a case.

It is conceded that, if the order was voidable merely, as when procured by fraud, defendant had his election to rescind and refuse to receive the goods, or accept them and recoup in damages; but if, under the finding of the jury, the order was void, rescission was unnecessary to defeat plaintiff's claim. To render the order void, it must have been signed by mistake; that is, under the supposition that it was an instrument of another or different character. This would be no less a mistake because induced by fraud. The distinction should be kept in mind, for an agreement procured by fraud is voidable merely, while one signed by mistake is no agreement at all. 4 Am. & Eng. Ency. of Law (2d Ed.) 157. The rule is found stated as far back as *Thoroughgood's Case,* 2 Rep. 9b, in the time of Lord Coke:

That although the party to whom the writing is made, or other by his procurements, doth not read the writing, but a stranger of his own head read it in other words than it in truth is, yet it shall not bind the party who delivereth it; for it is not material who readeth the writing, so as he who maketh it to be a layman, and being not lettered, be (without any covin in himself) deceived, and that is proved by the usual form of pleading in such a case; that is to say, that he was a layman and not learned, and that the deed was read to him in other words, etc., generally, without showing by which it was read.

Numerous cases illustrate this principle. Thus in *Stoever v. Weir,* 10 S. & R. 25, the defense that the signature to the single bill sued on was obtained by falsely reading it as a receipt was sustained. In *Foster v. McKinnon,* L. R. 4 C. 704, the signature was procured by representing that a promissory note was an agreement appointing the defendant an agent for the sale of a patented machine, and in sustaining the defense Byles, J., said:

It seems plain on principle and on authority that if a blind man, or a man who cannot read, or for some reason (not implying negligence) forbears to read, has a written contract falsely read over to him, the reader misreading to such a degree that the written contract is of a nature altogether different from the contract pretended to be read from the paper, which the blind or illiterate man afterward signs, then, at least, if there be no negligence, the signature so obtained is of no force, and it is invalid, not merely on the ground of fraud, where fraud exists, but on the ground that the mind of the signer did not accompany the signature; in other words, that he never intended to sign, and therefore, in contemplation of law, never did sign, the contract to which his name is appended.

In *Gibbs v. Linabury,* 22 Mich. 478 (7 Am. Rep. 675), a promissory note was signed under the supposition that it was a contract making the defendant an agent for the sale of a patent hay fork, and this was held such a mistake

as to relieve him from liability. See, also, *Briggs v. Ewart,* 51 Mo. 245 (11 Am. Dec. 445); *Walker v. Egbert,* 29 Wis. 194 (9 Am. Rep. 548); *Puffer v. Smith,* 57 Ill. 527; *Belden v. Meeker,* 2 Lans. (N. Y.) 470; *Kagel v. Totten,* 59 Md. 447. The same principle was approved by this court in *Douglass v. Matting,* 29 Iowa, 498, and in *Green v. Wilkie,* 98 Iowa, 74. In the latter case the defendant was induced by fraud to sign a note of $1,000 and a mortgage securing the same, when he supposed that the note was for $100 and the mortgage a lease. In *Trambly v. Ricard,* 130 Mass. 249, evidence was held admissible tending to show, in defense of a claim, that a written agreement stipulating that certain furniture was loaned plaintiff, on a promise to pay a weekly sum for the use of the same with the privilege of buying it at a price named, was induced by the fraudulent representation that he was buying the furniture at a given price, part cash and the rest in installments; the court saying: "A party who is ignorant of the contents of a written instrument from inability to read, who signs it without intending to, and who is charged with no negligence in not ascertaining the character of it, is no more bound than if it were a forgery. There has been no intelligent assent to its terms, and it is fraud in one who with knowledge of the fact attempts to enforce it." In *McGinn v. Tobey,* 62 Mich. 252 (28 N. W. 818, 4 Am. St. Rep. 848), a deed signed under the supposition induced by fraud that it was a lease was adjudged void. In *Schuylkill County v. Copley,* 67 Pa. 386 (5 Am. Rep. 441), a party signed a bond under supposition that it was a petition, and was held not liable. Enough has been said to indicate the trend of authority and to make clear the principle under consideration. As said, the jury might have found that the defendant in signing the order was not negligent, as he was a man of advanced years, without his glasses, which had been broken, and could not read the instrument signed, which was long and in small type. The jury might also have found that

he signed the same under a mistaken supposition that it was merely a contract under which he was to receive the goods as the property of plaintiffs, and dispose of them on commission, with the obligation to remit a percentage of the proceeds only. If so, executing the order was by a mistake, and the instrument utterly void. This must be so, for in such a case the minds of the parties have never met. Under the findings of the jury, the judgment was rightly entered for the defendant.— *Affirmed.*