LOTTER, Respondent, vs. KNOSPE, Appellant.

*December 7, 1910—January 10, 1911.*

*Contracts: Writing: Failure to examine: When assent presumed: Fraud.*

1. One who, through misrepresentation as to its purport, is induced to refrain from examining a writing given him by another will not, unless in an extreme case, be held to have assented to the contents of the document before they were in fact known to him. Reasonable diligence on the part of the recipient is all that is required.

2. Plaintiff paid money to defendant under an oral contract of sale and received back a writing which defendant told him was a mere receipt, but which in fact recited some parts of the contract, omitting a condition of the sale. Plaintiff did not examine the paper, but nine days later, pursuant to the condition, demanded return of his money and promptly began suit therefor. *Held*, that he had not assented to and was not bound by the writing as correctly embodying the oral agreement. *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, and *Ripley v. Sage L. & I. Co.* 138 Wis. 304, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Curtis & Mock* and *Andrew Gilbertson,* and oral argument by *Mr. Gilbertson.*
*Arthur A. Mueller,* for the respondent.

BARNES, J.   The court found that the plaintiff and defendant made a verbal contract by which plaintiff agreed to buy the defendant's stock of merchandise and book accounts, provided that the stock should not inventory to exceed $7,000 and the book accounts should not exceed $6,000.   A payment of $1,000 was made on the purchase price three days after the oral agreement had been reached.   A receipt was given plaintiff for such payment, which also recited in detail various provisions of the verbal contract, but omitted any reference to that portion of it making the sale conditional on the amount of the stock and the value of the book accounts.   The inventory disclosed that the stock amounted to $18,000 and the book accounts to $11,000.   The plaintiff refused to carry out the contract, and nine days after payment thereof demanded a return of the money advanced by him, and suit for recovery was begun a few days after the demand was made, which resulted in judgment in plaintiff's favor.

The appellant contends that it was the legal duty of the plaintiff to read the alleged receipt that was handed to him, and that he was chargeable with knowledge of its contents whether he read it or not, and that, knowing its contents, he assented thereto by his failure to advise the defendant that he repudiated the instrument because it did not correctly embody the oral agreement.   In support of these contentions the cases of *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246, and *Ripley v. Sage L. & I. Co.* 138 Wis. 304, 119 N. W. 108, as well as some others, are relied on. These two cases come nearer sustaining the appellant's view than any others that have been cited, and the question is, Does the case at bar fall within the principle of these decisions?

The plaintiff in the *Bostwick Case* brought an action to recover the premiums paid on a policy of life insurance, because of a fraud perpetrated by the agent of the insurer in making out the application for a different kind of a policy from that agreed upon. The kind of policy described in the application was issued and the policy was retained several months before the plaintiff examined the same or the letter which accompanied it, and therefore he did not discover the fraud. It was held that a person who receives from another a written instrument containing a statement of their contractual relations, and retains the same without reading it, is guilty of gross negligence and cannot be heard to say that he kept it in ignorance of its contents, and will be deemed to have assented to the terms of the writing. This statement was made with reference to the facts before the court in that case. In *Ripley v. Sage L. & I. Co., supra,* it was held that, where a person received by mail from another a statement showing the condition of the account between the parties as claimed by the debtor, together with a check for the balance shown to be due by the account, and the check was cashed and the account was retained without protest or objection for a period of two years and nine months, the law would conclusively presume assent to and acquiescence in the correctness of the statement rendered, and the recipient thereof would not be heard to question its accuracy. These cases do not call for the exercise of any unusual diligence on the part of the recipient of the writing, either in reading it or in registering his protest against it. It is impossible to formulate any hard-and-fast rule by which it can be determined what cases fall within and what fall without the principle of the cases cited. Each case must be considered with reference to the peculiar facts and circumstances which surround it. What might be a reasonable length of time within which action should be taken under some circumstances might not be where the circumstances were different.

In the case under consideration but nine days elapsed between the delivery of the alleged receipt and the demand for the return of the money. Suit was begun promptly. The plaintiff was told in substance that the instrument delivered to him was simply a receipt, that his check answered the same purpose, and that he might tear up the supposed receipt and throw it away if he wanted to. These statements were calculated to minimize the importance of the document and to lull the plaintiff into a feeling of security, and the trial court might well have concluded that they were made for the purpose of deceiving. Where a party is induced to refrain from making an examination of a paper given him by another, through misrepresentation as to its purport, it would be an extreme case that would warrant a court holding that there was an assent to the contents of the document before such contents were in fact known. *Warder, B. & G. Co. v. Whitish,* 77 Wis. 430, 46 N. W. 540; *Bostwick v. Mut. L. Ins. Co.,* *supra.* All the decisions relied on seem to require is that a party exercise reasonable diligence, and, the trial court having held in substance and effect that such diligence was used, we do not think the finding should be disturbed.

*By the Court.*—Judgment affirmed.