WATSON H. WHIPPLE, Respondent, *v.* BROWN BROTHERS COMPANY, Appellant.

Contract — execution of written contract purporting to be same as oral contract previously agreed upon by parties but guaranty of which was omitted in written contract — party induced to sign such contract by false statements of contents thereof by other party — action for breach of warranty of oral contract — when such action can be maintained and damages recovered.

1. There is a material and manifest distinction between a meeting of the minds of parties through deceit on the part of one of them, and a writing excusably and justifiably executed by the one which, through the deceit of the other, does not express the agreement of the parties.

2. A party who is ignorant of the contents of a written instrument, from inability to read, who signs it without intending to, and who is chargeable with no negligence in not ascertaining the character of it, is no more bound than if it were a forgery. There has been no intelligent assent to its terms, and it is a fraud in one who with knowledge of the facts attempts to enforce it.

3. The complaint alleges a contract by plaintiff's testator, its breach and resultant damages. The testimony of plaintiff's testator

proved an oral contract, whereupon the defendant proved by him his signature to a writing in form a contract set forth in the answer. Plaintiff's testator testified that after the oral contract had been completely made he handed defendant's representative his list of varieties of trees he wanted, and defendant's representative wrote down the varieties, calling them as he wrote them, and handed the order to the witness to sign, who, because he had not his glasses, could read nothing of the writing and so stated to the representative, who said that it contained nothing but a statement of the varieties and the sizes and prices and time of delivery. In fact it differed materially from the oral contract. Plaintiff's testator thereupon signed it. This testimony was taken under the objection of the defendant that it was incompetent, that the writing was the best evidence of the contract and that no fraud was alleged in the complaint, and under an exception to the adverse ruling. The court, in effect, submitted to the jury the questions: (a) Was the testator bound by the written order, notwithstanding that he did not read it, or did the conditions justify him in signing it without reading it; (b) did the writing or the oral agreements constitute the contract; and charged that if the writing constituted the contract the plaintiff could not recover; if the oral agreements constituted the contract the plaintiff could recover the damages resulting to the testator from its breach. The verdict was for plaintiff. *Held,* that the evidence of the oral contract was properly received, and that upon the facts found by the jury the writing was void at law. The contract was not susceptible of rescission and there was no reason for its reformation. (*Wilcox* v. *American Tel. & Tel. Co.*, 176 N. Y. 115; *Smith* v. *Ryan*, 191 N. Y. 452, followed.)

*Whipple* v. *Brown Brothers Co.*, 170 App. Div. 531, affirmed.

(Submitted October 22, 1918; decided January 7, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 24, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. Chamberlain* for appellant. The court erred in receiving evidence tending to prove fraud. The action being for breach of contract it could not be changed into

one for fraud. (*Dalrymple* v. *Hillenbrand,* 62 N. Y. 5; *Stumpf* v. *Cohen,* 78 Misc. Rep. 158; *Tanenbaum* v. *Fed. Match Co.,* 189 N. Y. 75; *Lindsay* v. *Mulqueen,* 26 Hun, 485; *Townsend* v. *G. Ins. Co.,* 39 Misc. Rep. 87; *Hartman* v. *Mayor, etc.,* 23 Hun, 586; *Northam* v. *Dutchess Co. Mut. Ins. Co.,* 77 N. Y. 73; *McComb* v. *Brewer Lumber Co.,* 184 Mass. 276; *Kipp* v. *N. Y. C. & H. R. R. R.,* 89 App. Div. 392; *Schoepflin* v. *Coffey,* 162 N. Y. 12; *Korn* v. *Weir,* 88 N. Y. Supp. 976; *Blumenfield* v. *Stine,* 42 Misc. Rep. 411.) The court erred in admitting testimony as to dealings had between the alleged agent, Mull, and Mr. Sherwood. (*McKeige* v. *Carroll,* 120 App. Div. 521; *Ellenor* v. *Briggs,* 39 Misc. Rep. 535; *Oppenheim* v. *Irvin,* 166 App. Div. 233; *Wait* v. *Borne,* 123 N. Y. 592; *Smith* v. *Tracy,* 36 N. Y. 79.)

*L. M. Sherwood* for respondent. Parol evidence was competent to prove that the signature of the plaintiff to the instrument was procured by fraudulent representations, and if so, the instrument was void. (*Wilcox* v. *Am. T. & T. Co.,* 176 N. Y. 115; *Smith* v. *Dotterweich,* 200 N. Y. 299; *Burrows A. Mach. Co.* v. *Van Dusen,* 138 N. Y. Supp. 839; 19 N. Y. Supp. 951; *Wells* v. *Yates,* 44 N. Y. 531; *Albany Sav. Bank* v. *Burdick,* 87 N. Y. 40; *Peary* v. *Manhattan Elev. Ry. Co.,* 56 Misc. Rep. 599; 139 N. Y. 643; *E. A. Machine Co.* v. *Greenberg,* 56 Misc. Rep. 514; *Van Alstyne* v. *Smith,* 83 Hun, 382; *Kitchener* v. *Home Sewing Mch. Co.,* 135 N. Y. 182; *Philips* v. *Gorham,* 17 N. Y. 270; *Smith* v. *Ryan,* 191 N. Y. 452.)

COLLIN, J. The action was to recover the damages sustained by Watson H. Whipple, the plaintiff's testator, through the breach by the defendant of a contract between them. The complaint alleged the contract, its making and breach and the damages of the plaintiff, in amount $1,600. It did not disclose whether the contract was oral or written. The answer denied the contract

and alleged another contract and performance of it by the defendant. It is, of course, true that the allegations in the answer of new matter are to be deemed controverted by the plaintiff. (Code of Civil Procedure, section 522.) The issue thus created was: Did the parties make the contract set forth in the complaint or did they make that set forth in the answer.

The testimony of Whipple (who was living at the time of the trial) proved the oral contract set forth in the complaint. The defendant, while Whipple was testifying as a witness in his own behalf, proved the signature of Whipple to a writing in form the contract set forth in the answer. Whipple testified: after the oral contract had been completely made, the representative of the defendant "took out his order book and I handed him my list and he wrote down the varieties (of trees), calling them out as he wrote them," and handed the order over to Whipple to sign; Whipple, because he had not his glasses, could read nothing of the writing and so stated to the representative, who stated that it contained nothing but a statement of the varieties and the sizes and prices and time of delivery. Whipple thereupon signed it. Such statement was not the entire of either the oral contract or of the writing. This testimony was taken under the objection of the defendant that it was incompetent, the writing was the best evidence of the contract, no fraud being alleged in the complaint, and under an exception to the adverse ruling. Under the writing the plaintiff could not maintain the action.

The issue tried was, was the oral agreement or the contents of the writing the real contract. The court, in effect, submitted to the jury the questions, (a) was Whipple bound by the written order, notwithstanding that he did not read it, or did the conditions justify him in signing it without reading it; (b) did the writing or the oral agreements constitute the contract; and charged

that if the writing constituted the contract the plaintiff could not recover; if the oral agreements constituted the contract the plaintiff could recover the damages resulting to the testator from its breach.   It is manifest, therefore, that the recovery was because of the breach of the oral contract and not because of the defendant's fraud.   The verdict was in favor of the plaintiff.

The appellant asserts and argues here that, the cause of action being founded on an express contract, fraud could not be proven without being alleged in the complaint.

Fraud was not a constituent of plaintiff's alleged or proven or submitted cause of action.   The question was, did the stipulations of the written order constitute the contract.   The jury were instructed that if the oral agreements were the contract the plaintiff could recover, if the evidence exonerated Whipple from negligence in signing the writing; if the writing constituted the contract the plaintiff could not recover.   I think there was not error in this or in receiving the evidence of plaintiff that his signature to the writing was obtained, without negligence on his part, through deceit.

Under the evidence of Whipple the writing did not express the agreement of the parties.   Whipple did not execute and deliver it with a contracting mind, and at the common law it was subject to the plea of *non est factum*.   There is a material and manifest distinction between a meeting of the minds of parties through deceit on the part of one of them, and a writing excusably and justifiably executed by the one which, through the deceit of the other, does not express the agreement of the parties. The distinction has been expressed thus: " Fraud in the factum renders the writing void at law, whereas fraud in the treaty renders it voidable merely."   In *Page* v. *Krekey* (137 N. Y. 307, 311) the action was upon a guaranty signed by the defendant.   The court said: " In deter-

mining the legal effect of this paper, and the obligation thereby created against the defendant, we must assume that he signed it when intoxicated, that he was unable to read it, that he was ignorant of its contents, and that he fixed his signature to it upon the false representation that it was an application for a license. There can be no doubt that, as between the parties to this transaction, the instrument was void. It was also invalid in the hands of any person who received it with knowledge or notice of the circumstances under which the defendant's signature was obtained." In *Trambly* v. *Ricard* (130 Mass. 259) the action was for the conversion of furniture. Plaintiff alleged and proved the acts of conversion. The defendants, in justification of their acts, relied upon an alleged breach by the plaintiff of a conditional bill of sale. Plaintiff thereupon gave proof that the sale was absolute and that immediately after the oral agreement of absolute sale was made the defendants requested him to sign the written contract, which he did, supposing the same to contain the terms and stipulations of the oral agreement. The court said: " In the absence of fraud or imposition, it is presumed that the terms of a written contract were known and assented to by the parties who signed it; that they either read it, or were informed of its contents, or were willing to assent to its terms without reading it. This presumption is not defeated by showing that the contract signed was different from that which one or the other supposed he was signing. It is not permitted to show that another contract was the real contract, because the parties have chosen to put their agreement in writing, as the better way to preserve its terms, and parol evidence cannot be admitted to vary it. But this familiar rule does not exclude evidence which tends to show that the written contract was by some fraud or imposition never in fact freely and intelligently signed by the party sought to be charged. It

may always be shown that he was not possessed of the requisite capacity, or that his signature was obtained by fraud. * * * A party who is ignorant of the contents of a written instrument, from inability to read, who signs it without intending to, and who is chargeable with no negligence in not ascertaining the character of it, is no more bound than if it were a forgery. There has been no intelligent assent to its terms, and it is a fraud in one who with knowledge of the fact attempts to enforce it." This case is cited with approval in *O'Donnell v. Inhabitants of Clinton* (145 Mass. 461); *Freedley v. French* (154 Mass. 339); *Bliss v. New York Central & H. R. R. Co.* (160 Mass. 447); *Larsson v. Metropolitan Stock Exchange* (200 Mass. 367).

In *Eldorado Jewelry Co. v. Darnell* (135 Iowa, 555) the defendant signed an order for the purchase of certain jewelry and upon this was sued for the price. When he signed the order he was without glasses, which had been broken, and could not read the order. He supposed that it was merely a contract under which he was to receive the goods as the property of plaintiff and dispose of them on commission with the obligation only to remit a percentage of the proceeds. The court said: " It is conceded that, if the order was voidable merely, as when procured by fraud, defendant had his election to rescind and refuse to accept the goods, or accept them and recoup in damages; but if, under the finding of the jury, the order was void, rescission was unnecessary to defeat plaintiff's claim. To render the order void, it must have been signed by mistake; that is, under the supposition that it was an instrument of another or different character. This would be no less a mistake because induced by fraud. The distinction should be kept in mind, for an agreement procured by fraud is voidable merely, while one signed by mistake is no agreement at all. * * * As said, the jury might have found that the defendant

in signing the order was not negligent, as he was a man of advanced years, without his glasses, which had been broken, and could not read the instrument signed, which was long and in small type. The jury might also have found that he signed the same under a mistaken supposition that it was merely a contract under which he was to receive the goods as the property of plaintiffs, and dispose of them on commission, with the obligation to remit a percentage of the proceeds only. If so, executing the order was by a mistake, and the instrument utterly void. This must be so, for in such a case the minds of the parties have never met."

In *Cummings* v. *Ross* (90 Cal. 68) the facts, so far as the point under consideration is concerned, were the parallel of the facts in the case at bar, as will appear from the following quotation from the opinion: " It is further contended that the court below erred in allowing the plaintiff to show that a certain written contract introduced by defendant was signed by the plaintiff, through the misrepresentation of the defendant, and that the plaintiff had never intended to sign that contract, but supposed he was signing one which had before that been drawn up in lead-pencil. The action was brought on a contract such as the lead-pencil draught contained, and the defendant, in the answer, denied the performance of the contract as sued on. When he introduced the written contract to show the real nature of the transaction as he claimed, it was competent for the plaintiff, in support of the issue made, to show that in point of fact he had made no such contract as defendant had brought forward in evidence. One cannot be made to stand on a contract he never intended to make. If the defendant had sued the plaintiff, and sought to charge him on such a contract, it would certainly be competent, in defense, to show that the instrument was fraudulent."

I have referred to these decisions, by the quotations,

to make clear that the principles declared by us in *Wilcox* v. *American Telephone & Tel. Co.* (176 N. Y. 115) and *Smith* v. *Ryan* (191 N. Y. 452) are of general application. Those principles as stated by Chief Judge CULLEN are: " There are two kinds of fraud which differ essentially in their character; in the one the grantor is induced to convey his property by fraudulent representations as to the value, nature or character of the consideration he receives for the conveyance. This is sometimes called fraud in the consideration. In the other case the grantor is deceived into the execution of an instrument of the contents of which he is ignorant. This is sometimes called fraud in the execution of the deed. The distinction between the two cases lies just here. It is elementary law that the assent of the parties is necessary to constitute a binding contract. In the first case the assent of the party though obtained by fraud is, nevertheless, obtained not only to the execution of the instrument, but to the contract which it evidences. In the second case there is procured only the signature to and execution of the written instrument, but not assent to the contract therein stated. In cases of this latter class the deed can be avoided at law. " " Thus, for example, reading a deed falsely to an illiterate person, whether it be so read by the grantee or by a stranger, avoids it as to the other party at law." (*Smith* v. *Ryan*, 191 N. Y. 452, 457.) " The practice adopted by the plaintiff was entirely proper. He was not obliged to appeal to a court of equity for relief against the deed, but when it was set up to defeat his claim he could avoid its effect by proof of the fraud by which it was obtained (*Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182)." (*Wilcox* v. *Am. Tel. & Tel. Co.*, 176 N. Y. 115, 118.) (See, also, *Lotter* v. *Knospe*, 144 Wis. 426; *Biddeford National Bank* v. *Hill*, 102 Me. 346; *Black* v. *Wabash, St. Louis & Pacific Railway Co.*, 111 Ill.

351; *Warder, Bushnell & Glessner Co.* v. *Whitish,* 77
Wis. 430; *Alexander* v. *Brogley,* 63 N. J. L. 307.)

The writing in the case at bar lacks the element of
mutual assent. It does not express the result of the
meeting of the minds of the parties. It is a mere fiction,
a nothing or a something which becomes nothing the
instant the proof of the deceit under which the signature
was made is given. Whipple did not and could not sue
upon the writing. Under his proof it was void at
law — the same as if it never had been. It, as a con-
tract, was not susceptible of rescission and there was not
a reason for its reformation. The plaintiff controverted
its existence as a contract and he had the right by
evidence to sustain the controversion.

The judgment should be affirmed, with costs.

CRANE, J. (concurring). Through the defendant's
agent the plaintiff ordered certain peach trees of a
specified name and variety. The nature of the peach
tree business is such that the kind of fruit which will
grow upon the tree cannot be definitely determined
until about three years after planting. The order was
reduced to writing by the defendant's agent and the
plaintiff's signature obtained upon the assurance that
the alleged contract was in accordance with the previous
oral understanding. As the plaintiff did not have his
spectacles with him at the time he did not read the
contract, relying upon this representation of the seller.
The trees received from the defendant in the natural
course of time proved to be different from those ordered
and much less in value. The purchaser brought action
against the seller for his damage. It then turned out
that the contract which he had signed was not in accord-
ance with the oral agreement as it contained a limited
warranty about which nothing had been said. He was
deceived by the agent into signing a written paper to

the contents of which he had never assented. The action, having been brought upon the oral agreement, the defendant pleaded the written contract and upon the trial objected to any evidence which attempted to vary it. The defendant claimed that the plaintiff was bound by the writing and could not in this action prove it to be void for fraud and recover upon the oral arrangement.

The trees, it was admitted, were not the kind ordered, and the plaintiff's damage was satisfactorily proved. The court admitted evidence of the fraud and held that if this were established the plaintiff was not bound by the writing. The question apparently raised by this appeal from a judgment against the defendant is whether the plaintiff can sue at law upon his oral agreement with the agent and prove when confronted in pleading and upon the trial with the alleged writing that it was not a contract as he was deceived into signing a paper other than that intended by the parties. Or must he resort to equity to reform the writing by having the limited warranty stricken out. My associates have divided on these propositions.

I am convinced that the courts below have applied the law as it has found expression in the authorities.

It must be conceded that if the paper were a forgery the plaintiff could sue at law upon the oral agreement and prove the forgery when the alleged contract was produced to bar his claim; so also if his signature were genuine, but he signed it upon the representation that the paper was something other than a contract, for instance, a receipt or a permit. There would be nothing in these instances to reform.

If the writing purports to be a contract, but, by the fraud of one, is *materially different* than the parties have agreed to, is this any more binding than the forgery or trick paper? To what have the minds met to form a contract? Had the writing in this case by deception

ordered sheep instead of trees would the reformatory powers of equity have been required to give the purchaser damages for bad trees? The rule seems to be that where a party is tricked into signing a contract the material parts of which are not in accordance with the oral agreement such a paper is not a contract, but is void. It is void until in some way affirmed by the party deceived. Some cases speak of it as voidable, by which they mean that the party may, if he choose, affirm and adopt it, while a contract which is voidable only is good till disaffirmed. (*Standard Manufacturing Co.* v. *Slot,* 121 Wis. 14.)

The difficulty has arisen, I believe, through a misunderstanding of the rule of evidence that written contracts cannot be varied by parol testimony. This rule only applies to such writings as are contracts in fact or in law, but never prevents oral testimony showing that through fraud there is *no* written contract. Thus in *Black* v. *Wabash, St. Louis & P. Ry. Co.* (111 Ill. 351) it was said regarding evidence of an oral agreement with an agent which was excluded on the trial:

" The object of the excluded evidence was not to change the terms of an agreement which was admitted to have a valid existence, but rather to show that by reason of the circumstances under which it was obtained it was in legal effect no agreement at all."

Wharton on Evidence, section 931, states it this way:

" It is also always admissible for a party to show that his execution of a contract was induced by fraud or compulsion.

" Before the rules excluding parol testimony to vary documents can be applied, we must determine a document legally exists."

*Western Manufacturing Company* v. *Cotton & Long* (126 Ky. 749) says this:

" Where a person by ostensibly reading a contract to another obtains his signature to an agreement materially different from the reading, it is a fraud which invalidates the contract." * * * " When by fraud or misrepresentation a written memorial of a contract *essentially variant* from the agreement actually made shall have been imposed on a party, the deed or writing is not his. It is not obligatory. And in such cases the fraud or misrepresentation may be proved without contradicting the written evidence." (Cited from *Tribble* v. *Oldham,* 5 J. J. Marsh. 142.)

That a deception as to a material part of a writing is as fatal as a misrepresentation of the whole paper or of its nature is made plain by the following authorities: *Maxfield* v. *Schwartz* (45 Minn. 150); *Gibbs* v. *Linabury* (22 Mich. 479); *Stacy* v. *Ross* (27 Texas, 3); *Black* v. *W. St. Louis & P. Ry. Co.* (*supra*); *Eldorado Jewelry Co.* v. *Darnell* (135 Iowa, 555); *Trombly* v. *Ricard* (130 Mass. 259); *Beck & Pauli Lithographing Co.* v. *Hauppert & Worcester* (104 Ala. 503); *Foster* v. *MacKinnon* (L. R. 4 Com. Pleas, 704).

The case of *Cole Brothers & Hart* v. *Williams* (12 Neb. 440) is somewhat in point. The plaintiff sued for goods sold and alleged a deduction of $100 for lightning rods purchased from the defendant. The defendant set up a written contract whereby the price of the lightning rods agreed to be paid by the plaintiff was $424.25. The plaintiff replied by saying that he did sign a certain pretended written agreement concerning rods but that he was deceived by the agent into believing that it made no mention of price. A verdict for the plaintiff was sustained upholding his oral contract for $100 only.

Through all these cases we find the principle enunciated that where a paper has been signed by a party which purports to be his contract, but which is different from the agreement actually made in a material part, and he

has been fraudulently deceived into believing that the writing is in accordance with the spoken words, there is no contract. It is void; there has been no meeting of the minds; it may be disregarded and the plaintiff may recover or defend according to the contract orally made. Reformation is unnecessary. The rule that a written contract cannot be varied by parol evidence is not applicable. The party seeks not to establish the written contract with changes but to prove that there was no written contract through the fraud of the party claiming it.

And if the writing be void as a contract the party may sue at law for damage in a case such as we have here.

The plaintiff bought trees of the defendant. It was necessary to wait three years after planting to ascertain whether he got what he purchased. They proved inferior trees. He could not return them and was entitled to his full damage, not merely the return of the purchase price. (*White* v. *Miller*, 71 N. Y. 118.) No writing was necessary to establish his claim, but it was important to the defendant if this common-law liability had been limited by agreement. The defendant set up such an agreement in writing. The plaintiff could meet it by showing that his signature because of fraud was in law no signature and the paper no contract.

To this effect we find the cases of our own state. *Smith* v. *Ryan* (191 N. Y. 452, 457) was an action of ejectment wherein the defense set up a deed and the plaintiff met it by proof that the grantor was insane at the time it was executed and, therefore, was no deed. CULLEN, J., said:

" There are two kinds of fraud which differ essentially in their character; in the one the grantor is induced to convey his property by fraudulent representations as to the value, nature or character of the consideration he receives for the conveyance. This is sometimes called

fraud in the consideration.    In the other case the grantor is deceived into the execution of an instrument of the contents of which he is ignorant.    This is sometimes called fraud in the execution of the deed.    The distinction between the two cases lies just here.    It is elementary law that the assent of the parties is necessary to constitute a binding contract.    In the first case the assent of the party though obtained by fraud is, nevertheless, obtained not only to the execution of the instrument, but to the contract which it evidences.    In the second case there is procured only the signature to and execution of the written instrument, but not assent to the contract therein stated.    In cases of this latter class the deed can be avoided at law."

*Wilcox* v. *American Telephone & Telegraph Company* (176 N. Y. 115, 118) was a case where the defendant produced a paper giving it a right to use the plaintiff's land for the erection of its poles.    The plaintiff in his action of trespass showed that it had been obtained from him under the false assertion that it was a receipt.    Here concededly there was no contract.    It was said:

" The plaintiff does not attempt to rescind a contract as induced by fraud; the charge by him relates, not to the contract, but to the instrument which purports to represent the contract."

In *International Ferry Company* v. *American Fidelity Company* (207 N. Y. 350, 353) an oral agreement was made for insurance.    The policy subsequently delivered reducing the contract to writing through fraud did not contain the agreement.    The court said:

" The representations fraudulently made by the defendant did not affect the actual contract.    That remained effective and could have been enforced by the plaintiff, in a proper action, in accordance with its provisions and conditions."

A release was pleaded by the defendant in *Kirchner* v.

*New Home Sewing Machine Company* (135 N. Y. 182, 189), to bar the plaintiff's recovery. It was said that, without a reply, plaintiff could meet this release by showing that through fraud or mistake his cause of action was included in the release when it should not have been.

" Generally speaking," says the court, " whatever proofs would be regarded as sufficient to enable the plaintiff to maintain an action for the reformation of the release, so as to except from its provisions the demand in suit, would be available to him in this action by way of avoidance of its terms."

A distinction has been sought between the kind of writings involved. It is said that many of these cases apply to releases or receipts or papers never intended as contracts and that such may be avoided at law for fraud but that a paper which reads like a contract is always a contract till touched by equity provided only that the parties intended a writing to express their intention. The fact that through the fraud of one the intention is not expressed is silenced at law by the oral evidence rule.

I cannot believe that such a distinction exists. Fraud is a great leveler, before it all forms fall and the principle which the authorities enunciate is not determined by the kind of paper in question but by the evil of deception and overreaching. All instruments of every nature come under the same principle. Where through deception a paper is signed which was never intended by the parties, it is no contract, no deed, no release, no receipt.

In certain instances equity may provide the only relief. Where a party seeks not to avoid a writing but to establish it because otherwise he would have no claim at law — contracts or grants required by statute to be in writing — equity must reform as it is the only remedy.

Reason also indicates that a party under the circumstances of this case should not be compelled to go into equity to seek reformation in order to recover.

We all agree that the plaintiff if tricked and deceived into signing a paper which is not his contract is entitled to some form of relief. This is his right, a substantive right. The manner in which this right shall be enforced merely applies to the procedure. The disagreement between my associates is over procedure and not a substantive right. It is said that the plaintiff should set out the transaction in full and ask for a reformation. What would he plead? He would plead the oral agreement, the alleged written contract, the deception and his damage. He would ask for reformation and for judgment in accordance with his reformed contract. All of this can be done in one action and tried before a jury. (*Maher* v. *Hibernia Insurance Co.*, 67 N. Y. 283.)

What does he do in his action at law. He pleads the oral agreement and sets forth his damage. The defendant sets up the written contract and may demand a reply thereto. (Code of Civil Pro. section 516.) The plaintiff replies setting up the deception and fraud.

So that we have in both actions all the facts on paper before the trial proceeds except in the equity action they are contained in one paper and in the action at law they are set forth in three. In both the burden of proof and the evidence is the same.

In either case the parties may be fully informed regarding the claims of each. I can see no difficulty in permitting the plaintiff to consider the writing as void for fraud in an action at law when it is conceded that he may always plead the fraud as a defense when sued in law or equity. In equity the issues may be tried by a judge without a jury, and at law by a jury only, but there is no greater virtue in a trial by a judge than a trial by jury or *vice versa*. Both are presumed to find the truth and this presumption is conclusive.

All my associates apparently have assumed that the written contract in this case barred the plaintiff's recovery.

There is a difference between the limitation of *warranty* and the limitation of *liability*. The contract limits the warranty but does not limit the liability for the breach of that warranty. It says:

" Any stock which does not prove to be true to name as labeled is to be replaced free or purchase price refunded, *but is not further warranted.*"

The warranty, therefore, is restricted to the name or kind of peach tree ordered. If the trees turn out to be other than ordered the warranty is broken, but the liability for the broken warranty is not limited not even to the return of the price or replacement of the trees. All other warranties are excluded by the limitation. For instance there is no warranty that the trees will live for three years, or that they will bear fruit at the end of three years, or that they will give a certain amount of fruit, or that any other condition exists known to the peach tree trade. The warranty is limited to the kind of peach tree ordered. But when this warranty is broken the plaintiff may recover his full damage as there is no limit of *liability* for a breach of the *limited warranty*. We held in *Sandford* v. *Brown Brothers* (208 N. Y. 90) that the words " is to be replaced free or purchase price refunded " did not limit the liability. Therefore, they do not limit the liability in this contract. The only words added to the contract as found in the *Sandford* case are the words, " but is not further warranted." As stated this is not a limit of liability, but a mere limit of warranty. In the *Sandford* case it was stated that the defendants could limit *liability* by any appropriate words clearly and distinctly stating it. Such are not the words in question.

Conceding, therefore, that the plaintiff was bound by the written contract, yet he can recover as the limited warranty as to kind was concededly broken, and his damage fully proved. The judgment in his favor must be affirmed anyway. It may be said that this was not the

rule of the case as applied below.    The defendant cannot plead any such objection as it would not be as well off under the rule here stated as that given by the trial court. The judgment for the plaintiff, therefore, must be affirmed, with costs.

McLAUGHLIN, J. (dissenting).    This action was brought by plaintiff's testator to recover damages for the breach of a contract.    The complaint alleged, in substance, that plaintiff is a farmer and fruit grower owning and residing on a farm in the town of Ridgeway, in the county of Orleans, N. Y.; that on or about the 4th day of November, 1909, plaintiff and defendant entered into a mutual contract whereby it sold to him 405 first-grade peach trees of the following varieties: 200 Albertas; 100 Early Crawfords, and 105 Chares Choice, at the agreed price of 10 cents per tree, and promised to deliver same in good condition at the station at Medina, N. Y., on the New York Central and Hudson River Railroad, during the months of March, April or May, 1910; that plaintiff, on his part, purchased said trees from defendant and promised and agreed to accept and pay for them; that at the time of making said contract the parties talked over, considered and agreed that the trees were specially selected, profitable and desirable varieties for plaintiff to plant on his farm in the spring of 1910, and grow for an orchard; that instead of delivering the peach trees set forth and described in said agreement, defendant committed a breach of said contract by failing to deliver any of said trees to plaintiff at the time and place named, but instead thereof delivered different and worthless varieties; that it was impossible to tell by inspection and examination at the time the trees were delivered, and plaintiff did not know, that the trees were not peach trees of the varieties contracted for and he received and planted them on his farm relying on defendant's

agreement; that plaintiff first discovered in the fall of 1913 that defendant had substituted other varieties of trees for those purchased; and by reason thereof damages to the amount of $1,600 had been sustained, for which judgment was demanded.

The answer admitted substantially all the allegations of the complaint, except that the trees delivered did not correspond to those agreed to be sold, and that plaintiff had been damaged, which were denied. It also alleged, affirmatively, that by the terms of said contract the trees were not warranted in any manner, but it was agreed if the same were not true to name they might be replaced or the money paid therefor refunded; that plaintiff has never permitted defendant to refund said money, replace said trees or notified it that the trees were not true to name; and asked that the complaint be dismissed.

The plaintiff had a verdict for a substantial amount, upon which judgment was entered, and from which an appeal was taken to the Appellate Division, where the same was affirmed and defendant appeals to this court.

At the trial it appeared from plaintiff's testimony that some time in October he had a talk with one Mull, defendant's agent, with reference to buying fruit trees; that as a result, on or about the 4th of November, 1909, he signed an order for the trees mentioned in the complaint, copy of which was then given to him and which he has since retained; that he did not have his glasses and, therefore, could not read the order, but relied on the statement of Mull that it contained nothing but a statement of the varieties, sizes, price and time of delivery of the trees. The complaint was not amended, nor a reformation of the contract asked. The order was put in evidence by the defendant and contained, among others, this provision: " Any stock which does not prove to be true to name as labeled is to be replaced free or purchase price refunded, but is not further warranted   *   *   *."

The trial proceeded and the case was finally submitted to the jury under the claim of the defendant, on the one hand, that whatever talk was had in the first instance between plaintiff and Mull was thereafter reduced to writing and plaintiff was bound thereby, and on the other hand, the claim of plaintiff that he was induced to sign the writing by reason of the false and fraudulent statement made by Mull. The learned justice was requested to charge the jury that the written contract was the only one between the parties which could be considered by it, under the allegations of the complaint. This was refused and an exception taken, the court charging that if the jury reached the conclusion that plaintiff's signature to the contract was obtained by false and fraudulent statements made by Mull, then he was thereby relieved from the provision quoted and could recover under the oral contract. The exception to the admission of evidence tending to establish fraud and the charge permitting the jury to award damages under an oral contract, in case it found that the signature to the order was obtained by fraud, present the principal questions to be determined by this appeal.

The action was to recover upon the breach of a contract alleged to have been made on or about the 4th of November, 1909. That contract was in writing, but under the instruction of the court the jury has found that plaintiff is not bound by it since his signature thereto was obtained by fraud and a recovery has been had upon an alleged oral contract. There was no allegation in the complaint that plaintiff's signature was obtained by fraud and yet he was permitted to offer proof from which the jury found such fact.

Discussion or the citation of authorities is unnecessary to show that a party cannot allege one cause of action in his complaint and then, without an amendment, at the trial recover upon another. The purpose of a pleading

17

is to notify the adverse party in advance of the trial just what his adversary claims. A pleading is to be liberally construed. Technical rules relating thereto no longer prevail, but the rule does remain that a party cannot come into court asserting one cause of action and recover on another. If he could, then the pleading, instead of serving a useful purpose, by notifying the adverse party what he might expect to meet at the trial, would only mislead and deceive him. (*Northam* v. *Dutchess County Mut. Ins. Co.*, 177 N. Y. 73; *Reed* v. *McConnell*, 133 N. Y. 425; *Truesdell* v. *Sarles*, 104 N. Y. 164; *Southwick* v. *First National Bank of Memphis*, 84 N. Y. 420; *McClung* v. *Foshour*, 47 Hun, 421; affd., 113 N. Y. 640.)

Once a contract has been reduced to writing and executed all prior oral negotiations are merged therein and the rights of the parties must be determined by its terms. It cannot be contradicted, qualified or destroyed by oral negotiations which induced its execution. This rule is so well recognized and firmly established that the citation of authorities is unnecessary. If the instrument as executed fails to conform to the agreement between the parties in consequence of a fraudulent misstatement as to its contents, or a mutual mistake, however induced, or the mistake of the one and the fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement. (*Albany City Savings Instn.* v. *Burdick*, 87 N. Y. 40; *International Ferry Co.* v. *American Fidelity Co.*, 207 N. Y. 350.) But a reformation can only be had where an issue is formed by the pleadings for that purpose. A contract induced by fraud as to a matter material to the party defrauded is not void, but voidable. (*Adams* v. *Gillig*, 199 N. Y. 314.) It may, for that reason, be reformed. (*Welles* v. *Yates*, 44 N. Y. 525; *Albany City Savings Instn.* v. *Burdick, supra.*)

I know of no authority which permits a party, after he has entered into a written agreement, to decide for himself that such agreement is void and successfully maintain an action on a prior oral agreement. If this can be done then a written contract serves no purpose whatever, since all a party has to do is to declare generally upon a contract and when the written one is produced, offer evidence that his signature thereto was procured by fraud. One who has been induced to purchase property by fraudulent representations, has, upon discovery of the fraud, three remedies, any of which he may elect to pursue: (a) Rescind the contract absolutely and sue in an action at law to recover the consideration parted with. To succeed in such action he must allege and prove that he has restored, or offered to restore, to the other party whatever may have been received by him under the contract (*Gould* v. *Cayuga Co. Nat. Bank*, 86 N. Y. 75); (b) bring an action in equity and there obtain full relief. (*Allerton* v. *Allerton*, 50 N. Y. 670.) Such action is based not upon a rescission, but for a rescission, and it is necessary for the plaintiff, in order to succeed, to offer in his complaint to return what he has received and make a · tender thereof on the trial; (c) retain what he has received and bring an action at law to recover the damages sustained. Such action is based upon an affirmance of the contract and the measure of the recovery is the difference between the article sold and what it would have been according to the representations. (*Vail* v. *Reynolds* 118 N. Y. 297; *Krumm* v. *Beach*, 96 N. Y. 398.)

Certain cases are called to our attention, which it is claimed sustain the ruling of the trial judge: *Wilcox* v. *American Tel. & Tel. Co.* (176 N. Y. 115); *Smith* v. *Ryan* (191 N. Y. 452); *Trambly* v. *Ricard* (130 Mass. 259); *Eldorado Jewelry Co.* v. *Darnell* (135 Ia. 555); *Lotter* v. *Knospe* (144 Wis. 426); *Biddeford Nat. Bank* v. *Hill* (102 Me. 346), and *Cummings* v. *Ross* (90 Cal. 68). All but one of these

(the California case) fall into one of three classes: (1) Where the plaintiff's recovery is sought to be defeated by a written instrument which is set up in the answer. The legal existence of such instrument, no reply being required, is denied by the plaintiff. Hence an issue is formed as to the validity of such instrument which can be tried in the action; (2) where the action is brought upon a contract, the validity of which is denied in the answer, or (3) where releases or receipts upon their face purport to extinguish the cause of action alleged. In such case the plaintiff is permitted to prove that the release or receipt was fraudulently obtained and for that reason never had any legal effect. This is upon the theory that neither a receipt nor a release is a contract or an executory instrument. They are mere declarations or admissions in writing (*Stiebel* v. *Grosberg*, 202 N. Y. 266) and being such may be contradicted or explained.

In the California case an issue was presented by the pleadings as to the validity of the contract involved. The action was brought to foreclose a mechanic's lien for work done in the construction of a building. An issue was raised as to the performance of the work alleged to have been done under the contract described in the complaint. The answer alleged another contract, including extra work sued for by the plaintiff upon a *quantum meruit.* It was held that it was competent for the plaintiff, when such other contract was introduced in evidence by the defendant, to show in rebuttal that he signed it under the defendant's fraudulent representation. The defendant having alleged the existence of the other contract to defeat plaintiff's claim, and no reply being required, *its validity was put in issue.*

In the present case the plaintiff in his complaint did not ask for a recovery based on the breach of an oral contract made in October; on the contrary he alleged the contract was made on or about the 4th of November,

which turned out to be in writing.   If it did not correctly represent the terms of the agreement, due to the fraudulent statement of the defendant's agent, then plaintiff's remedy was to ask to have it reformed.   That could not be done under the complaint in its present form. The complaint had to be amended so as to present that issue, the trial of which would be by the court without a jury.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant in all courts to abide event.

CUDDEBACK and HOGAN, JJ., and CRANE, J. (in opinion) concur with COLLIN, J., for affirmance; HISCOCK, Ch. J., and CHASE, J., concur with McLAUGHLIN, J., for reversal.

Judgment affirmed.