JULES WALLACE & Co., INC., Respondent, *v.* THOS. ROULSTON, INC., Appellant.

Supreme Court, Appellate Term, First Department, February 16, 1928.

**Contracts — assent procured through fraud — action against employer to enforce assignment of wages — defendant may plead invalidity of assignment.**

This is an action to recover on an alleged assignment of wages by an employee of the defendant. The evidence establishes that the plaintiff's assignors were tricked into signing the documents under the belief that they were receipts merely. The assignments so obtained are invalid and the defendant had the right to litigate that question.

APPEAL by defendant from a judgment entered in the Municipal Court, Borough of Manhattan, Ninth District, in favor of plaintiff.

*Thomas J. Skelly*, for the appellant.

*Biel & Rosenman* [*Samuel I. Rosenman* of counsel], for the respondent.

PER CURIAM. The record shows that the learned court below believed (as we do) that defendant's employees were deceived into signing documents which were represented to them by plaintiff's assignor to be mere receipts, when they were in fact promissory notes and assignments of wages. This action is brought to enforce against the employer one of such assignments. As long ago as *Foster* v. *Mackinnon* (L. R. 4 C. P. 704 [1869]) BYLES, J., said: "It seems plain, on principle and on authority, that, if a blind man, or a man who cannot read, or who for some reason (not implying negligence) forbears to read, has a written contract falsely read over to him, the reader misreading to such a degree that the written contract is of a nature altogether different from the contract pretended to be read from the paper which the blind or illiterate man afterwards signs; then, at least if there be no negligence, the signature so obtained is of no force. And it is invalid not merely on the ground of fraud, where fraud exists, but on the ground that the mind of the signer did not accompany the signature; in other words, that he never intended to sign, and therefore in contemplation of law never did sign, the contract to which his name is appended." (Cf. *O'Donnell* v. *Clinton*, 145 Mass 461.)

In this State: " A party who is ignorant of the contents of a written instrument, from inability to read, who signs it without intending to, and who is chargeable with no negligence in not ascertaining the character of it, is no more bound than if it were a forgery. There has been no intelligent assent to its terms, and it is a fraud in one who with knowledge of the fact attempts to enforce it." (*Whipple* v. *Brown Brothers Company*, 225 N. Y. 243; *Page* v. *Krekey*, 137 id. 307, 311.) That these decisions no longer are based on mere inability to read is evident from the opinion of CRANE, J., in *Whipple* v. *Brown Brothers Company* (*supra*, 253): " We all agree that the plaintiff if tricked and deceived into signing a paper which is not his contract is entitled to some form of relief."

In view of these decisions we are convinced that the assignment served upon the defendant was a nullity, and that defendant had the right to litigate this issue in this action.

Judgments reversed, with five dollars costs in each case, and judgment ordered for defendant, with costs.

All concur; present, BIJUR, DELEHANTY and CRAIN, JJ.