CLARENCE E. TITUS, as Administrator, etc., of DAVID C. JAYNE, Deceased, Appellant, v. HARRY CRANCE, LENA CRANCE and PAUL H. CRANCE, Respondents. — Appeal from judgment which dismissed plaintiff's complaint on the merits as to Harry and Lena Crance, and without prejudice as to Paul H. Crance. The action was brought to recover upon a written instrument as follows:

"Jan. 7, 1935.

"One day after date I promise to pay to the order of David C. Jayne Three hundred dollars at death of (David Jayne) note is due and payable to Paul H. Crance, undertaker, Ithaca, N. Y., to defray funeral expenses).

"Value received. Intrusted to

"HARRY CRANCE
"LENA CRANCE
"Newfield, N. Y."

Defendants who signed the instrument were the father and mother of defendant Paul H. Crance, the undertaker. David C. Jayne died January 19, 1938, at the home of strangers who had knowledge of this instrument. The $300 mentioned in the instrument, has been paid to the undertaker, Paul H. Crance. In accordance with the request of Jayne an undertaker other than Crance was "ordered" to take charge of the funeral, and did so. There is no proof upon the subject as to whether Crance, the undertaker, was not able and willing to take charge of the funeral. Judgment unanimously affirmed, with costs.

EMMANUEL S. RAGONESE, as Administrator, etc., of LEONARDA RAGONESE, Deceased, Respondent, v. JOSEPH HARRIS COMPANY, INC., Appellant.— This is an appeal from a judgment in favor of the plaintiff and against the defendant. The action is to recover for damages for breach of warranty in the sale of onion seed. Under an oral agreement with defendant's agent plaintiff's intestate contracted to buy Early Yellow Globe onion seed. The seed received by the plaintiff's intestate was of an inferior variety and not fit and suitable for this climate, and a variety that grows in Mexico, known as Mexican Grano, and produced an unmarketable crop. The plaintiff's intestate purchased the seed under an oral contract. The plaintiff's intestate was of mature years, an illiterate person, both in English and Italian. She could only sign her name with very laborious effort. She was unable to speak any English and her testimony was taken through an interpreter. She depended entirely upon what the defendant's agent told her about the seed. She was not and could not be bound by the disclaimer of liability printed on the printed papers because she did not know of it and was not informed by the agent of the defendant. (Whipple v. Brown Brothers Co., 225 N. Y. 237.) Judgment unanimously affirmed, with costs.