70 N.J. Super. 196 (1961)
175 A.2d 219
ROBERT AMSTERDAM AND ROSE HOLDER, PARTNERS T/A EASTERN SALES FINANCE COMPANY, PLAINTIFF-APPELLANT,
v.
THOMAS DE PAUL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1961.
Decided November 6, 1961.
*198 Before Judges GAULKIN, KILKENNY and HERBERT.
Mr. Monroe Jay Lustbader argued the cause for appellant (Messrs. Lustbader & Lustbader, attorneys; Mr. Irving Silverman, on the brief).
No appearance for the respondent.
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiff holder of a negotiable promissory note sued the defendant alone, as alleged co-maker thereof. The Hudson County District Court, sitting without a jury, found that plaintiff was a holder in due course but that the defendant's signature on the instrument was the result of fraud in the factum unaccompanied by negligence on his part. Accordingly, it rendered judgment in favor of the defendant. Plaintiff appeals therefrom.
In a prior suit in another court, plaintiff had obtained a default judgment against the other two makers of this note, Ronald and Elizabeth Perkowsky, and that judgment remains unsatisfied.
The evidence supports the trial court's finding that De Paul signed the note in issue in reliance upon the false representation made to him by the maker, Ronald Perkowsky, that he was signing only a "character reference" which Perkowsky needed in connection with the purchase of merchandise from Bushberg Brothers of Union City, the payee of the instrument. Because of his subnormal mentality, his only schooling having been in a "special class" of the public school, De Paul was not able to read, except small words, and then he needed reading glasses for this purpose. *199 When he signed this note, he did not read it; he had no reading glasses with him, and the note was not read to him by Perkowsky or by the representative of Bushberg Brothers who witnessed his signature. It seems clear, therefore, that the district court was correct in finding that De Paul's signature was obtained as the result of fraud in the factum, without any negligence on his part.
Fraud in the factum is a good defense to an action on a negotiable instrument as against a holder in due course, provided there has been no negligence on the part of the maker. N.J. Mtge. & Invest. Co. v. Dorsey, 60 N.J. Super. 299 (App. Div. 1960), affirmed 33 N.J. 448 (1960). As stated in 60 N.J. Super., at p. 303:
"The rationale of the defense is the fundamental of contract law that one cannot be bound on an obligation he does not know he is entering into. Restatement, Contracts, § 475."
As stated in 7 Rutgers L. Rev., pp. 409-410:
"Controversies raising the problem of fraud in the execution usually involve a situation where the person asserting the defense is unable to read or write, is old and feeble, blind, ignorant, or signs the paper without reading it on the representation that he does not incur a financial liability. * * * Lack of intent to enter into a binding obligation is just as impelling a reason for relieving the person from apparent liability as is lack of capacity. In either case the law states that a person is not bound because he did not enter into a binding agreement."
See, too, Britton on Bills and Notes, sec. 130, p. 566; 10 C.J.S. Bills and Notes § 499 (b), pp. 1100-1101; and 160 A.L.R. 1296.
Plaintiff argues that since the fraud upon the co-maker was practiced by a maker and not by the payee, the defense was not available as against the payee or its transferee, the plaintiff. However, we find no validity in such a distinction. A negotiable instrument which is the product of fraud in the factum, unaccompanied by negligence, as distinguished from an instrument which is the product of fraud *200 in the treaty, is void, and not merely voidable. As stated in 17 C.J.S. Contracts § 140, p. 495:
"Where some trick is used to substitute another instrument for the one which it is intended to sign, as where a note is substituted for a receipt, and in like cases, the signature has no legal effect, * * *. Hence there is no agreement which can give rights to anyone, except where the signer is estopped by negligence or otherwise to set up the truth as against bona fide third persons * * *."
In McDonald v. Central R.R. Co., 89 N.J.L. 251, 254 (E. & A. 1916) the court said:
"A misrepresentation of the contents of a document by which one is induced to sign a paper thinking it is other than it really is is the typical case of fraud in the execution; it is a case where the defrauded party may properly say, `I never agreed to that, and hence the document is not my deed.'"
The defense of fraud in the factum unaccompanied by negligence is legally analogous to the defense of forgery. As noted in Cline v. Guthrie, 42 Ind. 227, 13 Am. Rep. 357 (Sup. Ct. 1873):
"It is well settled * * * that the party whose signature to a paper is obtained by fraud as to the character of the paper itself, who is ignorant of such character, and has no intention of signing it, and who is guilty of no negligence in affixing his signature, or in not ascertaining the character of the instrument, is no more bound by it than if it were a total forgery, the signature included."
In Trambly v. Ricard, 130 Mass. 259, 261 (Sup. Jud. Ct. 1880), a case in which a party's signature was obtained by fraud in the factum, the court stated that the party "is no more bound than if it were a forgery." So, too, in Whipple v. Brown Bros. Co., 225 N.Y. 237, 243, 121 N.E. 748, 750 (Ct. App. 1919), it was held that where there is a misrepresentation as to the nature of the instrument signed by a party, such fraud in the factum renders the writing void at law and "a party * * * is no more bound than if it were a forgery."
*201 In the case of Wooden v. Shotwell, 24 N.J.L. 789 (E. & A. 1854), the court said, at page 790:
"It is a self-evident proposition that where the law declares a contract to be void, the party can acquire no legal right under or by virtue of it."
The applicability of this principle to negotiable instruments was first laid down by the English courts in 1869 in Foster v. MacKinnon, L.R. 4 C.P. 704 (Eng.), in which an endorser had signed an instrument as a result of fraud in the factum and the court said:
"It is invalid * * * * on the ground that the mind of the signer did not accompany the signature; in other words that he never intended to sign and therefore in contemplation of law never did sign, the contract to which his name is appended."
Accordingly, we conclude that the defendant, Thomas De Paul, was not contractually bound on this instrument which was void ab initio, under the circumstances, so far as he was concerned.
Plaintiff contends further that the defendant was negligent as a matter of law by reason of his failure to read the instrument or to have it read to him. The maker's freedom from negligence is an integral part of the defense of fraud in the factum and the burden of establishing lack of negligence is upon the maker. Bancredit, Inc. v. Bethea, 65 N.J. Super. 538, 545 (App. Div. 1961). As noted in N.J. Mtge. and Invest. Co. v. Dorsey, supra (60 N.J. Super., pp. 304-305):
"The question of whether there has been negligence is one for the trier of fact, who must determine it from all the surrounding circumstances of the transaction, including the literacy, education, intelligence and capacity of the signer, and the reasonableness in the light thereof of his reliance on the fraudulent misrepresentations. Consideration is to be given to the relationships between the parties, the availability of third persons who could be called upon for advice, and whether or not reasonable prudence was exercised by the signer."
*202 We therefore conclude that in view of the uncontradicted testimony of the defendant in this case, the issue of his negligence was properly one for the trier of the facts, to wit, the district court judge sitting in this case without a jury, and his finding of no negligence is amply supported by the evidence.
Plaintiff's final point is that the testimony by the defendant as to the false representations by the maker, Ronald Perkowsky, as to the character of the instrument, was incompetent hearsay and as such inadmissible. We find no merit in this contention. To adopt the plaintiff's view would preclude a defrauded party from testifying to the false representations made by the deceiver whenever a suit is brought by a holder in due course. How else could a defendant establish the false representations, verbally made, except by his testimony as to what was said in the perpetration of the fraud? The trial court also noted significantly that "the payee's representative if not cooperating in the fraud permitted it by remaining silent. Nowhere in the law is there the right to benefit from the fraud of another when the fraud could not be perpetrated except for that silence."
The judgment is affirmed.